IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRANDON HOWARD, #229852, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:19-cv-639-RAH-WC |
| | ) | [WO] |
| COMMISSIONER JEFF DUNN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint filed by Brandon Howard, an indigent state inmate. In the instant complaint, Howard challenges the lack of a smoke-free environment during his prior term of incarceration at the Elmore Correctional Facility. Doc. 10 at 2–5.

The defendants filed a special report and supplemental special report supported by relevant evidentiary materials, including affidavits and the applicable administrative regulation, in which they address the claim for relief presented by Howard. Specifically, the defendants deny violating Howard's constitutional rights with respect to the condition at issue.

Upon review of the defendants' reports and supporting evidentiary materials, the court entered an order directing Howard to file a response to the defendants' written reports. Doc. 28. The order advised Howard that his failure to respond to the reports would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 28 at 1 (emphasis in original). Additionally,

the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in a Recommendation for dismissal of this civil action. Doc. 28 at 1 (emphasis in original). The time allotted Howard for filing a response in compliance with the directives of this order expired on April 10, 2020. Doc. 28 at 1. As of the present date, Howard has failed to file a response in opposition to the defendants' written reports. In light of Howard's failure to file a requisite response to the written reports of the defendants, the court finds that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After such review, it is clear that dismissal of this case is the proper course of action. Specifically, Howard is an indigent inmate. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, his inaction in the face of the defendants' reports and this court's order suggests a loss of interest in the continued prosecution of this case. Finally, it likewise appears that any additional effort by this court to secure Howard's compliance would be unavailing and a waste of this court's scarce judicial resources. Consequently, the court concludes the abandonment of this case by Howard and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by

Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).  This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket.").  "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **May 18, 2020** the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district

court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 4th day of May, 2020.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE

4